**SO ORDERED.**

**SIGNED this 28 day of August, 2020.**



_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 19-05385-5-SWH |
| JOHN LEE WHITE and<br>BRITTANY CURRIE WHITE, | CHAPTER 13 |
| DEBTORS | |

### ORDER ALLOWING OBJECTION TO CONFIRMATION

The matter before the court is the chapter 13 trustee's objection to confirmation of the debtors' proposed amended chapter13 plan. On January 31, 2020, the trustee filed an objection to the amended plan on grounds that it was insufficiently funded and thus failed to comply with 11 U.S.C. § 1325(a)(1). Dkt. 22. The trustee filed an amended objection on February 5, 2020, asserting additionally that because the amended plan failed to address the secured claim of 510 Nova, LLC, the plan did not satisfy 11 U.S.C. §§ 1325(a)(1) and (5). Dkt. 23. On February 12, 2020, a hearing was held in Raleigh, North Carolina, during which the trustee advanced those objections and also argued, for the first time, that the amended plan had not been filed in good faith as required by 11 U.S.C. § 1325(a)(3). The debtors objected, on timeliness grounds, to the court's consideration of that argument.

At the conclusion of the hearing, the court took the matter under advisement and invited the parties to submit supplementary briefs, which both elected to do. The trustee filed a supplemental memorandum on March 6, 2020, and the debtor filed a responsive memorandum on March 20, 2020. Dkt. 27 ("Trustee's Mem."), Dkt. 28 ("Debtors' Mem."). For the reasons set forth below, the trustee's objection to confirmation will be allowed.

## BACKGROUND AND PROCEDURAL POSTURE

The debtors filed their petition under chapter 13 of the Bankruptcy Code, together with their schedules and statements and initial proposed chapter 13 plan, on November 21, 2019. Neither the debtors' schedules (Dkt. 6) nor the plan (Dkt. 7) made any reference to a claim held by 510 Nova, LLC ("Nova"), or to the debtors' ownership of the vehicle that partially secures the claim. Nova was not included on the matrix of creditors. On November 27, 2019, Nova filed a request for notices in the case.

On January 27, 2020, the debtors filed an amended Chapter 13 plan, again including no mention of the Nova claim or the vehicle that secures it, though the amended plan did include Nova on the creditor matrix. Dkt. 21. On January 29, 2020, Nova filed a proof of claim asserting a partially secured claim in the amount of $2,807.71. This bifurcated claim for "money loaned" consists of a $1,675.00 claim secured by a 2005 Scion XA motor vehicle, and an unsecured claim for the remaining $1,132.7. Dkt. Claim 9-1. The trustee filed an objection to confirmation on January 31, 2020, requesting a hearing on grounds that the plan as proposed was not sufficiently funded to pay all claims for which it provided as well as any required distribution to allowed general unsecured claims, as mandated by 11 U.S.C. § 1325(a)(1). Dkt. 22. Five days later, the trustee amended his objection to include the following: "The plan fails to address the following secured

and/or priority claim(s) as required by 11 U.S.C. § 1325(a)(1) and/or 1325(a)(5): 510 Nova, LLC." Dkt. 23.  A hearing on the objection was scheduled for February 12, 2020.

During that hearing, the trustee presented arguments on the grounds cited in his amended objection and, in addition, asserted for the first time that the debtor's failure to schedule Nova's known allowed secured claim violated the "good faith" requirement articulated in § 1325(a)(3). The debtor responded that the trustee's good faith argument was untimely, and for that reason should not be considered by the court.  After hearing arguments on all of the asserted objections, the court took the matter under advisement and invited counsel to file supplemental briefs.

The trustee, in his supplemental filing, contends that "a proposed chapter 13 plan must specifically provide a treatment for each known allowed secured claim that conforms with the requirements of §§ 1322(b) and 1325(a)(5)." He argues further that the debtor's plan, *because* it is proposed in violation of those sections, *also* violates the good faith requirement of § 1325(a)(3). Dkt. 27 at 1. Responding, the debtors maintain that the court cannot even consider the trustee's good faith argument because he advanced it too late.  They contend further that they have discretion to "provide for" Nova's secured claim in their plan, and were within their rights to choose to make no mention of it.

## DISCUSSION

### I.  Timeliness of Trustee's § 1325(a)(3) Objection

The court first turns to the debtors' argument that the court should not even have undertaken consideration of that good faith argument, on grounds that the trustee's assertion of it was untimely. The trustee contends that he has both standing and a duty under 11 U.S.C. § 1302(b)(2)(B) to "appear and be heard at any hearing that concerns the confirmation of a plan." Further, he argues

3

that "[t]he Code does not limit the trustee's right to be heard in any way, and to the extent the Rules purport to do so, they are invalid because the Rules cannot trump the Code." Trustee's Mem. at 4. In the trustee's view, Rule 3015 "may limit a *creditor's* right to raise an objection to confirmation within 7 days of the confirmation hearing, but it cannot so limit the right of the trustee." *Id.*; *see Matter of Ogden*, 570 B.R. 432, 434 (Bankr. N.D. Ga. 2017) (setting out good faith analysis undertaken by court where, "*[a]t the hearing*, the Chapter 13 trustee raised an objection to confirmation alleging that the Debtor had failed to satisfy the good-faith requirement of § 1325(a)(3)") (emphasis added).

The debtors maintain that the trustee's good faith objection was untimely, such that the court cannot consider it. The procedural rules and requirements set out in Rule 9014 are made applicable to objections to confirmation by Rule 3015(f) and should be "strictly enforced," the debtors argue; otherwise, the last-minute assertion of objections imposes an unfair "surprise factor." The "procedural requirements for objecting to confirmation in Rule 3015(f) apply to the trustee the same as any other party in interest," the debtors contend, and "Rule 3105(f) is procedural in nature and mandates that '[a]n objection to confirmation of a plan shall be filed and served on the debtor ... at least seven days before the date set for the hearing on confirmation, unless the court orders otherwise.'" Debtors' Mem. at 1. Taken to the extreme, "the view expressed in the trustee's memorandum would literally allow a trustee to waltz into court the moment of confirmation hearings and orally object to any or all plans without prior notice or warning to anyone." Debtors' Mem. at 2.

The court concludes that all dancing aside, debtors should never be surprised by having to prove that the filing of their plan was in good faith. It is a debtor's statutory burden to do so. 11

4

U.S.C. § 1325(a)3). And certainly, these debtors should not be surprised[1]: First, the trustee based his "new" good faith argument upon precisely the same bases that support his arguments under §§ 1325(a)(1) and (a)(5). At issue are the exact same factual allegations (failure to provide for a known secured claim), and the exact same questions of law, namely whether the omission of a known secured claim is permitted in these circumstances. The trustee did not appear at the confirmation hearing and advance an entirely new and unexpected objection to confirmation for the first time. Instead, the objection highlights an essential element of the debtors' plan, and most importantly, an element related to which the debtor has the burden of proof. It is the debtor who must prove good faith, notwithstanding the objection or lack of objection of any party.

In addition, the debtors overlook the fact that a determination of whether a chapter 13 plan is proposed in good faith requires an assessment of the totality of the circumstances, and the duty to make that determination rests with the court *regardless* of whether a party objects to a plan on that basis. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 277 n.14 (2010) ("Section 1325(a) ... *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue."). It is well established that "[w]hether or not a specific confirmation objection has been made, this court has the right to independently determine that a debtor's proposed chapter 13 plan meets all statutory requirements based upon the evidence presented at confirmation." *In re Soppick*, 516 B.R. 733, 752 (Bankr. E.D. Pa. 2014) (citing *Espinosa*). The court thus "has an independent duty to ensure that a plan complies with the Bankruptcy Code, even if no objections are filed." *In re Revels*, 616 B.R. 675, 678 (Bankr. E.D.N.C.

---

[1] The debtors' argument here is, at best, cavalier. They adamantly bang on their copy of the Rules while showing absolute disregard of their duty to faithfully disclose their assets and liabilities, as discussed *infra*. The word "chutzpah" comes to the mind of the court.

2020).  The debtors' assertion that the court should not consider the trustee's good faith argument purely because the trustee didn't specifically articulate it, in writing, seven or more days prior to the confirmation hearing, is without merit.

## II.     Whether Plan was Proposed in Good Faith under § 1325(a)(3)

To be confirmed, a chapter 13 plan "must comply with the provisions of chapter 13 and with other applicable provisions of the Bankruptcy Code, *must be proposed in good faith*, and must meet the plan content requirements as set forth in section 1322."  *In re Mank*, 2020 WL 1228671 *1 (Bankr. E.D.N.C. 2020) (Case No. 19-04199-5-SWH) (emphasis added).  Section 1325(a) sets out the requirements which "a debtor's proposed repayment plan must meet for a bankruptcy court to confirm the plan."  *Hurlburt v. Black*, 925 F.3d 154, 159 (4th Cir. 2019).  Section 1325(a) provides in relevant part that

> (a) [e]xcept as provided in subsection (b), the court shall confirm a plan if–
>    (1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;
> ...
>    (3) the plan has been proposed in good faith and not by any means forbidden by law;
> ... [and]
>   (5) with respect to each allowed secured claim *provided for by the plan*–
>     (A) the holder of such claim has accepted the plan ....

11 U.S.C. §§ 1325(a)(1), (3), (5) (emphasis added).  Subsection (a)(5) goes on to discuss additional aspects of what the plan must provide.  The issue presented to the court by the parties is whether – given that the debtors' plan does *not* provide for the Nova claim – those subsection (a)(5) provisions even come into play.  If they do, as the trustee contends, then

> [t]o qualify for court approval under Chapter 13 of the Bankruptcy Code, an individual debtor's proposed debt adjustment plan *must* accommodate each allowed, secured creditor in one of three ways: (1) by obtaining the creditor's acceptance of the plan; (2) by surrendering the property securing the claim; or (3) by providing the

creditor both a lien securing the claim and a promise of future property distributions (such as deferred cash payments) whose total "value, as of the effective date of the plan, ... is not less than the allowed amount of such claim."

*Till v. SCS Credit Corp.*, 541 U.S. 465, 468 (2004) (emphasis added), *quoting* 11 U.S.C. § 1325(a)(5)(b)(ii).  On the other hand, the debtors maintain that there is no *mandate* that the plan "provide for" the Nova debt, such that it is within their discretion to provide for the Nova claim in the plan, or to exclude it.  Because they chose to exclude the Nova secured claim, they conclude, it is *not* provided for by the plan, such that section § 1325(a)(5) does not even apply.

Both § 1325 and § 1322 are part of what the Court of Appeals for the Fourth Circuit described in *LVNV Funding* as the Bankruptcy Code's "statutory scheme":

> That scheme reflects a careful and structured framework set out by Congress.  Section 1325 lays out the requirements for plan confirmation.  Under that statute, the bankruptcy court "shall confirm" a debtor's Chapter 13 plan if it meets the specific requirements therein and "complies with the [other] provisions of" Chapter 13.  11 U.S.C. § 1325(a).  Consequently, Chapter 13 plans must comply with the plan content requirements set forth in § 1322, meaning the plan: (1) must be proposed in good faith; (2) must not "discriminate unfairly" between different classes of unsecured creditors; and (3) must be in the best interest of the debtor's creditors.  *See, e.g., id.* §§ 1322, 1325(a)(3), (4), (7).  These requirements are statutory mandates, and the bankruptcy court lacks the authority to impose additional requirements.
>
> Section 1322 allows a debtor's Chapter 13 plan to treat unsecured creditors as a single class.  When the plan does so, ... the bankruptcy court examines only the "pool" of funds available to the class as a whole during plan confirmation.  Most Chapter 13 plans propose to pay the class of unsecured creditors only to the extent the funds of the bankruptcy estate are available after the plan obligations to secured or priority creditors are satisfied.  Accordingly, in confirming a Chapter 13 plan, the bankruptcy court need only determine that the funds available to the class of unsecured creditors are equivalent to or greater than the amount that class would be paid in the course of a Chapter 7 proceeding.
>
> * * *
>
> Chapter 13 plan confirmation as to unsecured creditors contrasts with the treatment and determination of secured claims.  Unlike the general provision for the class of unsecured creditors, a Chapter 13 plan *must address the rights of each secured*

7

> *creditor individually by setting out the mode of satisfying that claim in relation to the secured creditors' collateral. Id.* § 1325(a)(5) (requiring an analysis for "each allowed secured claim provided for by the plan"). Of significance is that Chapter 13 plan confirmation requires that "the holder of such [secured] claim has accepted the plan." *Id.* § 1325(a)(5)(A). No parallel provision exists for unsecured creditors' claims, so whether an unsecured creditor "consents" to a Chapter 13 plan is irrelevant for purposes of plan confirmation. Thus, *as a matter of statutory direction, the treatment of each individual secured creditor's claim is bound up in plan confirmation*, while an individual unsecured creditor's claim is not.

*LVNV Funding, LLC v. Harling*, 852 F.3d 367, 371-72 (4th Cir. 2017) (multiple internal citations omitted) (emphasis added). With that statutory framework in mind, along with the obligations it imposes upon the debtor, the court, and the trustee, the parties would like the court to turn immediately to the specific issue they have identified and presented: can the debtors simply choose to ignore the partially secured claim of Nova in their plan?

The court refuses to skip over what it thinks is the most glaring misstep of the debtors, and the very one upon which it ultimately bases its finding that the plan was not filed in good faith and cannot be confirmed: The debtors failed to schedule an asset – the Scion – and failed to schedule a liability – the debt to Nova. The elephant in the room must be dealt with swiftly and effectively.

The debtor has certain duties, which the debtor "shall" perform as required by 11 U.S.C. § 521. Under 11 U.S.C. §§ 521(a)(1)(A) and (B)(I), a debtor *shall* file a list of creditors, and a list of assets and liabilities. And the debtor *shall*, if a trustee is serving in the case, "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title." *Id.* § 521(a)(3). A chapter 13 debtor's duties extend beyond those, of course, but for present purposes, what matters is that a debtor must approach the bankruptcy process prepared to forthrightly abide by the Code's requirements, without purpose of evasion or in hopes of omitting required disclosures.

8

The debtors' failure to list the Scion and Nova obligation is a breach of a fundamental expectation and flouts the basic premises upon which the bankruptcy process is based.

There are certain basic but crucial disclosures a chapter 13 debtor is expected to make. Official Form 106A/B directs debtors completing Schedule A/B, which lists "Property," to "[b]e as complete and accurate as possible." Vehicles owned or leased by a debtor must be accounted for in Part 2 of Schedule A/B, which requires a listing and description of vehicles pursuant to this guidance: "Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives." Here, the debtors' Schedule A/B listings of vehicles include a 2012 GMC Acadia and a 2002 Ford Ranger, but make no reference to a 2005 Scion. At the hearing, counsel for the debtors stated that the debtors "had not seen the car in three years." The court lacks context from which to draw any conclusions about the import, if any, of that observation, except to note that it does not excuse the debtors' failure to disclose their ownership of this vehicle. The court also must presume that the debtors were asked, under oath, to respond to certain standard but crucial questions at their Section 341 hearing, such as whether the schedules completely and accurately set forth their assets.

Schedule D lists creditors who have claims secured by property, and Part 1 of this schedule requires a debtor to "[l]ist all secured claims." The debtors included the Ford and GMC vehicles in this section and properly identified the creditors with claims secured by those vehicles, but omitted the Scion and Nova. Nor is the unsecured portion of the Nova debt included in Schedule E/F, which lists creditors having unsecured claims. Dkt. 6. In the debtors' amended plan (as with the original), no provision is made for the Nova debt, and the plan indicates that no collateral will be surrendered: What, then, of the Scion?

9

The debtors have not met their obligations to disclose and, in failing in that regard, have made it difficult for the trustee to discharge his obligations under the Code. The chapter 13 trustee's job is many-faceted. His duties under § 1302(b)(1) incorporate the trustee duties set forth in §§ 704(a)(2) through (a)(7), and § 704(a)(9). Those provisions specifically require that the trustee:

> (a)(2) be accountable for all property received;
> (a)(3) ensure that the debtor performs his intention as specified;
> (a)(4) investigate the financial affairs of the debtor;
> (a)(5) examine proofs of claim and object to allowance of any claim deemed improper;
> (a)(6) if advisable, oppose the discharge of the debtor;
> (a)(7) furnish information concerning the estate and the administration of it, if requested by a party in interest;
> . . . [and]
> (a)(9) make a final report and file a final account of the administration of the estate with the court . . . .

11 U.S.C. §§ 704(a)(2)-(a)(7), (a)(9); *see also* 11 U.S.C. § 1307(c)(10) (making failure of a chapter 13 debtor to provide the information required by § 521(a)(2) a basis for dismissal or conversion of a chapter 13 case).

It is not the job of the court, the trustee, or any creditor, to have to *wonder* whether a debtor has fully and accurately disclosed the assets of the estate because, in filing a petition and accompanying schedules, a debtor swears under oath that they have done so on their schedules and at the Section 341 meeting. It is the job of the trustee to administer the estate, based on that bedrock of full disclosure. As to the debtors' "not seen for three years" Scion, for example, it may be that upon disclosure, the trustee will wish to make further inquiry as to the value or perfection of the security interest. He may not. But that is the trustee's choice to make, *after* being informed.

Nova has an allowed claim in the amount of $2,807.71, with $1,675.00 secured by a 2005 Scion with a value (according to Nova's claim) of equal amount, and the remaining $1,132.71 unsecured. The claim is deemed allowed because no objection to it was filed. 11 U.S.C. § 502(a). Here, the debtors did not disclose the Nova debt in their petition or schedules, or provide for it in their initial plan; nor did the debtors acknowledge the Nova debt in their amended plan, which was filed after Nova filed its proof of claim. The court, trustee and creditors are left with questions about the nature of this failure to disclose. The court has no insight into whether the debtors' *initial* omission of the Nova debt was inadvertent, or intentional. However, the debtors' ongoing recalcitrance to make full disclosure of the Nova obligation, as well as the existence of a vehicle they seemingly own, appear to be linked to and possibly based upon their legal argument that the Nova debt somehow just doesn't matter, given that they have not "provided for" the secured portion of the debt in their plan. This strikes the court as a "nonya" argument, and to the extent that is the debtors' position, it is incorrect.

The bankruptcy process is built on full disclosure, and on a fair and thorough disposition of a debtor's obligations. As the Court of Appeals for the First Circuit observed in *Tully*, "the very purpose of certain sections of the law," and specifically those that mandate good faith,

> is to make certain that those who seek the shelter of the bankruptcy code do not play fast and loose with their assets or with the reality of their affairs. The statutes are designed to insure that complete, truthful, and reliable information is put forward at the outset of the proceedings, so that decisions can be made by the parties in interest based on fact rather than fiction. As we have stated, "[t]he successful functioning of the bankruptcy act hinges both upon the bankrupt's veracity and his willingness to make full disclosure." ... Neither the trustee nor the creditors should be required to engage in a laborious tug-of-war to drag the simple truth into the glare of daylight. ... The bankruptcy judge must be deft and evenhanded in calibrating these scales.

*In re Tully*, 818 F.2d 106, 110 (1st Cir. 1987) (construing 11 U.S.C. § 727(a)(4)(A), which speaks to good faith in the context of a discharge) (internal citations omitted). Section 1325(a)(3) certainly is one of those sections, and "has often been defined with reference to three general criteria: 'a) whether the debtor has stated his debts and expenses accurately; b) whether he has made any fraudulent misrepresentations to mislead the bankruptcy court; c) or whether he has unfairly manipulated the Bankruptcy Code.'" *Soppick*, 516 B.R. at 750-51 (internal quotations omitted).

While it is entirely appropriate for debtors' attorneys to take differing tactical and analytical approaches to securing confirmation of their clients' chapter 13 plans, one aspect of confirmation may not be a variable, and instead must be an unchanging constant: Full and accurate disclosure. "Honesty and disclosure are essential to achieve the fundamental bankruptcy policy of equitable distribution among creditors." *Kestell v. Kestell (In re Kestell)*, 99 F.3d 146, 150 (4th Cir. 1996), *quoted in Revels*, 616 B.R. at 682. The court concludes that where debtors fail to disclose an asset, secured debt, and unsecured debt in their schedules and petition, then compound that omission by failing to amend their schedules, the failure to address that debt in their chapter 13 plan constitutes a lack of good faith as required by 11 U.S.C. § 1325(a)(3) and confirmation must be denied.

## III.    Whether the Debtors' Plan Must Provide for a Known Secured Claim

Despite its conclusion that the debtors' plan is not confirmable because of their lack of good faith, the court believes it would be beneficial to briefly address what initially appeared to be the primary legal issue presented to it: Whether the debtors' plan is required to "provide for" Nova's known secured claim. As is outlined above, the debtors insist that providing for an allowed secured claim is wholly within the discretion of a chapter 13 debtor: "In this case the Nova claim is not being ignored but rather it is not being provided for as a secured claim." Debtors' Mem. at 5.

The trustee counters that the debtors' chapter 13 plan *must* provide for the secured claim. While acknowledging that there are situations where a debtor's plan may appropriately not provide for a secured claim[2], the trustee maintains that there is no authority in the Bankruptcy Code or accompanying rules that would allow a debtor to "purposely fail to address a claim against him which he knows is secured." Trustee Mem. at 7. Here, the trustee contends that the debtors' argument "ignores the fact that due simply to the fact that Nova is a creditor, the debtors' plan alters its right[s], and therefore the alteration of those rights *must* be done though the plan and in accordance with §§ 1322(b)(2) and 1325(a)(5)." Dkt. 27 at 10. The trustee points out that neither he nor Nova

> can make *any* assessment of the debtors' intentions in this matter. The trustee cannot pay the claim as secured because it is not provided for, and there is no indication of whether the secured portion will be paid or over what period. The trustee also cannot pay any portion of Nova's claim as unsecured, including the amount it indicated as "unsecured" on its proof of claim, because doing so might well result in Nova

---

[2] The trustee provides the following example:

Often, the claims bar date in a chapter 13 will not pass until after the confirmation hearing is held. Suppose the bar date in this case had been February 14, 2020, and suppose further that Nova did not file its claim until that date. Had that happened, and had the Plan nonetheless been confirmed on February 12, Nova would have had an allowed secured claim in this matter which was not "provided for by the plan" and for which payments were not to be made "under the plan." This happens with some frequency, and through no fault of any party. A secured car note may be sold several times during the life of a loan, such that a chapter 13 debtor may be unaware of who holds the note as of the Petition date. Consequently, the debtor would be unable to propose a treatment under his plan with respect to the actual holder of the note unless and until the holder filed a claim or otherwise made the debtor aware of its status as a creditor. Thus the "provided for by the plan" language employed by Congress in § 1325(a)(5) and other provisions of chapter 13 simply recognizes that there may be circumstances in which a secured claim is inadvertently "left out."

Trustee Mem. at 7.

13

>receiving more than its "fair share" of the unsecured pool, in violation of § 1322(b)(1). Thus, although Nova has an allowed claim in this matter, the trustee can pay it nothing, and there is no indication it will receive payments from the debtors in any amount, either.

*Id*. at 12 (footnote omitted). In sum, the trustee maintains that in this situation, he simply cannot do his job and administer the debtors' estate, and that the debtors' chapter 13 plan must address Nova's partially secured claim. *See Till*, 541 U.S. at 468 (chapter 13 debtor's plan "must accommodate each allowed, secured creditor"); *see also United States v. White (In re White)*, 340 B.R. 761, 766 (E.D.N.C. 2006) ("Under Section 1325(a)(5), absent approval by the secured claim holder, a Chapter 13 plan must provide for secured claims either by surrender or cram down."), *aff'd*, 487 F.3d 199 (4th Cir. 2007).

The court acknowledges that there genuinely are differing schools of thought on the capacity of a chapter 13 debtor to provide – or to not provide – for a secured claim in their plan. Here, unfortunately, given that the very *existence* of Nova's claim was ignored by these debtors, the current factual posture of this case is particularly ill-suited for the court's consideration of that argument. The court could and would do so if all appropriate disclosures were made, and these parties then sought resolution of that issue in the context of a creditor with an allowed bifurcated claim.

## CONCLUSION

The trustee's objection to confirmation is **ALLOWED** on grounds that the debtors' chapter 13 plan was not filed in good faith and is not confirmable. The debtors have fourteen (14) days in which to amend their schedules to fully disclose their assets and liabilities and to amend their plan. If the debtors elect to continue to not provide for any treatment of the partially secured claim of

Nova, and if the trustee again objects on that basis, the court will set that matter for additional briefing and a hearing.

**END OF DOCUMENT**